1  THOMAS A. PACKER (SBN: 104767)
   MORDECAI D. BOONE (SBN: 196811)
2  CARRIE A. LUBINSKI (SBN: 174006)
   GORDON & REES LLP
3  Embarcadero Center West
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone: (415) 986-5900
5  Facsimile: (415) 986-8054

6  Attorneys for Defendants
   MENU FOODS INCOME FUND; MENU FOODS LIMITED PARTNERSHIP; MENU
7  FOODS MIDWEST CORPORATION; MENU FOODS SOUTH DAKOTA, INC.; MENU
   FOODS, INC.; AND MENU FOODS HOLDINGS, INC.
8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11 DIANE LOWERY, individually and on behalf of a  )  CASE NO.: 3:07-cv-02665-SC
   class of similarly situated persons,           )
12                                                )  **STIPULATION AND [PROPOSED]**
                       Plaintiff,                 )  **ORDER FOR STAY OF ALL**
13                                                )  **PROCEEDINGS AND FOR**
         vs.                                      )  **PRESERVATION OF EVIDENCE**
14                                                )
   MENU FOODS INCOME FUND; MENU FOODS             )
15 LIMITED PARTNERSHIP; MENU FOODS                )
   MIDWEST CORP.; MENU FOODS SOUTH                )
16 DAKOTA, INC.; MENU FOODS, INC.; MENU           )
   FOODS HOLDINGS, INC.                           )
17                                                )
                       Defendants.                )
18 _____)

WHEREAS, this case is one of over one hundred putative class actions filed in this court and several other courts throughout the country for damages and injunctive relief, arising from the manufacture, distribution and/or sale of pet food products allegedly by and through Defendants Menu Foods.

WHEREAS, actions are currently pending in the Western District of Washington, Eastern District of Tennessee, Northern District of Illinois, Western District of Wisconsin, Western District of Arkansas, District of New Jersey, Northern District of Florida, Southern District of Florida, Middle District of Florida, District of Massachusetts, District of Connecticut, Central District of California, District of Rhode Island, District of Maine, Northern District of California, District of Nevada, District of Idaho, and Northern District of Ohio. Specifically, the pending cases allege that Menu Foods sold contaminated pet food to the general public and individuals whose pets consumed this pet food and sustained injuries and/or death.

WHEREAS, on March 30, 2007, four (4) separate motions for transfer and coordination or consolidation pursuant to 28 U.S.C. § 1407 were filed by four (4) different groups of plaintiffs. Plaintiff Shirley Sexton filed the first MDL motion, seeking to transfer her case and numerous other cases involving alleged injuries and/or death arising out of the purchase and/or consumption of pet food manufactured by Defendants to the Central District of California. Plaintiff Christina Troiano filed the second MDL motion, seeking transfer to the Southern District of Florida. Plaintiffs Tom Whaley, Stacey Heller, Toinette Robinson, David Rapp, Cecily and Terrance Mitchelle, Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Barbara Smith, Michelle Suggett and Don James, filed their MDL motion to transfer the cases to the Western District of Washington. Finally, Plaintiffs Jayme Pittsonberger, David Carter, and Jim Bullock filed their MDL motion to transfer the cases to the District of New Jersey.

WHEREAS, on May 21, 2007, Plaintiff Diane Lowery filed a products liability action in the Northern District of California, alleging that Plaintiff's pet sustained injuries as a result of the purchase and/or consumption of pet food manufactured by Menu Foods.

WHEREAS, on April 12, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Notice of Hearing Session for May 31, 2007, to consider the MDL motions (collectively

known as MDL 1850 - *In re Pet Food Products Liability Litigation*). The hearing was held on May 31, 2007. The JPML determines whether all actions, including this action, should be transferred and coordinated and/or consolidated under 28 U.S.C. § 1407 for pretrial proceedings.

WHEREAS, on June 19, 2007, the JPML released its Transfer Order transferring cases before it and pending outside the District of New Jersey to the District of New Jersey and assigned to the Hon. Noel L. Hillman for coordinated or consolidated pretrial proceedings. The JPML also stated that it has been notified of 97 potentially related actions pending in multiple federal districts and ordered that these actions be treated as potential tag-along actions. (Please see a true and correct copy of Transfer Order attached hereto as **Exhibit A**.)

WHEREAS, short intervening time between now and the actual transfer and coordination and/or consolidation, a stay of these proceedings will conserve party and judicial resources.

IT IS HEREBY STIPULATED by and between the Plaintiff and Defendants, through their designated counsel that this matter, including the deadlines for the parties to participate in class certification and other pretrial proceedings, be stayed pending the actual transfer of this case for coordinated pretrial proceedings with other actions pending throughout the country to the District of New Jersey.

All parties shall, during the pendency of the stay of this matter, comply with their duty to preserve all evidence that may be relevant to this action. This duty extends to documents, electronic data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, or carriers who possess materials reasonably anticipated to be the subject of discovery in this action. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipated to be the subject of discovery under Federal Rules of Civil Procedure 26, 45 and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible. If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of

materials, the party must, to the extent practicable for the pendency of this order, either:

    i)    halt such business practices;

    ii)    sequester or remove such material from the business process; or

    iii)    arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: July 3, 2007

ROBERT A. JIGARJIAN

By: _____
Robert A. Jigarjian
Attorneys for Plaintiff DIANE LOWERY, individually and on behalf of a class of similarly situated persons

Respectfully submitted,

Dated: July 3, 2007

GORDON & REES LLP

By: _____
Carrie A. Lubinski
Attorneys for Defendants
MENU FOODS INCOME FUND; MENU FOODS LIMITED PARTNERSHIP; MENU FOODS MIDWEST CORPORATION; MENU FOODS SOUTH DAKOTA, INC.; MENU FOODS, INC.; and MENU FOODS HOLDINGS, INC.

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:

By: _____
The Honorable Samuel Conti
Senior Judge of the U.S. District Court

-4-

Stipulation And [Proposed] Order For Stay Of All Proceedings And For Preservation Of Evidence
Case No.: 3:07-cv-02665-SC

materials, the party must, to the extent practicable for the pendency of this order, either:

    i)    halt such business practices;

    ii)    sequester or remove such material from the business process; or

    iii)    arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: July 3, 2007    ROBERT A. JIGARJIAN

By: _____
Robert A. Jigarjian
Attorneys for Plaintiff DIANE LOWERY, individually and on behalf of a class of similarly situated persons

Respectfully submitted,

Dated: July 3, 2007    GORDON & REES LLP

By: _____
Carrie A. Lubinski
Attorneys for Defendants
MENU FOODS INCOME FUND; MENU FOODS LIMITED PARTNERSHIP; MENU FOODS MIDWEST CORPORATION; MENU FOODS SOUTH DAKOTA, INC.; MENU FOODS, INC.; and MENU FOODS HOLDINGS, INC.

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:

By: _____
The Honorable Samuel Conti
Senior Judge of the U.S. District Court

# Exhibit A

06/20/2007 12:44 FAX 2025022888          JPML                                   ☒002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 19 2007

*RELEASED FOR PUBLICATION*

FILED
CLERK'S OFFICE

*DOCKET NO. 1850*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE PET FOOD PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,\* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of thirteen actions listed on the attached Schedule A and pending in eight districts as follows: five actions in the Western District of Washington; two actions in the Western District of Arkansas; and one action each in the Central District of California, the District of Connecticut, the Southern District of Florida, the Northern District of Illinois, the District of New Jersey, and the Eastern District of Tennessee. Before the Panel are three motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all of these actions.[1] All responding parties agree that centralization is appropriate, but differ regarding the most appropriate transferee district for this litigation. In favor of the District of New Jersey as transferee district are moving Central District of California and Southern District of Florida plaintiffs and plaintiffs in the District of Connecticut, the District of New Jersey, and three of the Western District of Washington actions before the Panel, as well as plaintiffs in fourteen potentially related actions. Plaintiffs in two of the five Western District of Washington actions move for centralization in the Western District of Washington; plaintiffs in the Eastern District of Tennessee action support centralization there; and plaintiffs in the other three Western District of Washington actions alternatively support centralization there. In favor of the Western District of Arkansas as transferee district are plaintiffs in the two Western District of Arkansas actions and the Northern District of Illinois action, and plaintiffs in six potentially related actions. Plaintiffs in two potentially related District of New Jersey actions alternatively support centralization in the Western District of Arkansas. Supporting the Northern District of Illinois as transferee district are all responding defendants, including Menu Foods, Inc., and its related entities, and plaintiffs in one potentially related action. In favor of the Central District of California as transferee district are plaintiffs in nine potentially related actions. Finally, plaintiff in a potentially related Northern District of Ohio action suggests centralization in the Northern District of Ohio.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this

---

\* Judge Miller did not participate in the decision of this matter.

[1] The Panel has been notified of 97 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions stem from the recall of pet food products allegedly tainted by melamine found in wheat gluten imported from China and used in these products. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Although several districts could be described as an appropriate transferee forum for this nationwide litigation, we are persuaded to select the District of New Jersey. Pretrial proceedings are advancing well there and about one-third of all pending actions are already in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Noel L. Hillman for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1850 -- In re Pet Food Products Liability Litigation</u>

### Western District of Arkansas

*Charles Ray Sims, et al. v. Menu Foods Income Fund, et al.*, C.A. No. 5:07-5053
*Richard Scott Widen, et al. v. Menu Foods, Inc., et al.*, C.A. No. 5:07-5055

### Central District of California

*Shirley Sexton v. Menu Foods Income Fund, et al.*, C.A. No. 2:07-1958

### District of Connecticut

*Lauri A. Osborne v. Menu Foods, Inc.*, C.A. No. 3:07-469

### Southern District of Florida

*Christina Troiano v. Menu Foods, Inc., et al.*, C.A. No. 0:07-60428

### Northern District of Illinois

*Dawn Majerczyk v. Menu Foods, Inc.*, C.A. No. 1:07-1543

### District of New Jersey

*Jared Workman, et al. v. Menu Foods Ltd., et al.*, C.A. No. 1:07-1338

### Eastern District of Tennessee

*Lizajean Holt, et al. v. Menu Foods, Inc.*, C.A. No. 3:07-94

### Western District of Washington

*Tom Whaley v. Menu Foods, Inc., et al.*, C.A. No. 2:07-411
*Stacey Heller, et al. v. Menu Foods*, C.A. No. 2:07-453
*Audrey Kornelius, et al. v. Menu Foods*, C.A. No. 2:07-454
*Suzanne E. Johnson, et al. v. Menu Foods*, C.A. No. 2:07-455
*Michele Suggett, et al. v. Menu Foods, et al.*, C.A. No. 2:07-457